JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-156 JVS (MANx)     Date  February 17, 2011

Title  Deutsche Bank National Trust Company v. Mendoza

Present: The Honorable   James V. Selna

Karla J. Tunis                                    Not Present
Deputy Clerk                                   Court Reporter

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                      Not Present

**Proceedings:**   **(In Chambers)**   **Order Remanding Action to the Superior Court of the State of California for the County of Orange**

On February 4, 2011, the Court ordered defendant Michael Mendoza ("Mendoza") to show cause in writing why the case should not be remanded to the Superior Court of the State of California for the County of Orange for lack of jurisdiction. (Docket No. 3.) He had removed this action presumably on the basis federal question jurisdiction, 28 U.S.C. §§ 1331, stating that the removal was "pursuant to her [sic] Constitutional Right to Due Process [] to protect her home." (Notice of Removal, p. 1; see id., p. 3.)

The Court has received Mendoza's response (Docket No. 4) as well as a "Reply" filed by plaintiff Deutsche Bank National Trust Company, as Trustee for Downey 2005-AR2 (Docket No. 5). The Court now remands the case.

Federal Question Jurisdiction.

The Court must determine jurisdiction on the basis of the case removed. The underlying action is an unlawful detainer action. No federal claims are asserted (28 U.S.C. § 1331). Federal defenses or federal counterclaims provide no basis to remove an action which does not otherwise establish federal jurisdiction. See Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust, 643 U.S. 1, 10 (1983); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). There is no basis for federal question jurisdiction.

Diversity Jurisdiction.

Neither in the Notice of Removal nor in his response to the order to show cause does Mendoza attempt to establish that the parties are diverse, as required by 28 U.S.C. §

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-156 JVS (MANx)                         Date   February 17, 2011

Title   Deutsche Bank National Trust Company v. Mendoza

1332(a)(1). In any event, it is apparent that the amount of relief sought is less than the jurisdictional minimum of $75,000. The face on the Complaint states that the amount of claimed damages is less than $10,000. Mendoza argues that his residence is worth more than $75,000. However, the issue is the unlawful detainer is not ownership but possession and possibly any right to hold-over rent. There is no basis for diversity jurisdiction.

Civil Rights Jurisdiction.

In his response, Mendoza asserts that this Court has jurisdiction on the basis of alleged civil rights violations, pursuant to 28 U.S.C. § 1443(1).

"A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)." Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). In order to satisfy the first part of the test, petitioners must assert as a defense "'rights that are given to them by explicit statutory enactment protecting equal racial civil rights.'" Id. at 999 (citing CA v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). The statutory enactment must provide "'for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 220 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). To satisfy the second part of the test, "'petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" Patel, 446 F.3d at 999 (quoting Sandoval, 434 F.2d at 636). "Bad experiences with the particular court in question will not suffice." Sandoval, 434 F.2d at 636 (citing Rachel, 384 U.S. at 794-804; Peacock, 384 U.S. at 827-28).

Neither element of the test has been met. First, Mendez has not asserted a defense to the current action for unlawful detainer. Mendoza's allegations that the assignment of the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS") was fraudulent and MERS was not in possession of the Deed of Trust are not relevant to this action for unlawful detainer. (Notice of Removal 4, 6.) Those allegations would be brought in defense to a foreclosure, which has already happened. Even if these were defenses to an unlawful detainer action, they are not conferred by an explicit statutory enactment protecting Mendoza's civil rights. Patel, 446 F.3d at 999.

Second, Mendoza has not supported his allegation of discrimination "'by reference to a state statute or constitutional provision'" that commands state courts to ignore his federal rights. Id. at 999 (quoting Sandoval, 434 F.2d at 636). Mendoza has listed statutes irrelevant to

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-156 JVS (MANx) | Date | February 17, 2011 |
| Title | Deutsche Bank National Trust Company v. Mendoza | | |

this action and stated they were enacted "with express discriminatory intent and effect." (Response ¶¶ 2, 18.) An alleged discriminatory intent behind the enactment of the inapplicable statutes mentioned[1] does not translate to a specific statute or constitutional provision commanding state courts to ignore his federal rights. Johnson, 421 U.S. at 220.

Mendoza indicates that this alleged violation of his civil rights resulted in his inability to bring evidence regarding the propriety of the foreclosure proceedings. (Notice of Removal, p. 14; Response ¶ 9.) In addition to the reasons stated above, this is an insufficient basis for removal under § 1443(1) because Mendoza's negative experiences in state court will not suffice to meet the requirements for removal. Sandoval, 434 F.2d at 636 (citing Rachel, 384 U.S. at 794-804; Peacock, 384 U.S. at 827-28). Additionally, as mentioned before, facts regarding the foreclosure action are irrelevant to this unlawful retainer action, which is why he was unable to bring them in state court. Mendoza similarly would not be permitted to bring such facts in federal court.

Mendoza has not satisfied the test allowing for removal from state to federal court under 28 U.S.C. § 1443(1).

The case is remanded to the Superior Court of the State of California for the County of Orange for lack of jurisdiction.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

[1] Mendoza asserts California Civil Code § 2924 is unconstitutional because it violates equal protection. (Response ¶ 2.) The specific provisions behind which Mendoza alleges there is discriminatory intent are California Civil Code § 1714.10 and California Code of Civil Procedure § 425.16. (Response ¶ 18.)